1
2
3
4
5
6
7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAUL W. DONNDELINGER, an individual            CASE NO. 08cv1834 WQH (POR)
     and JAMES T. HOOVER, an individual,
12                                                   ORDER
                                  Plaintiffs,
13         vs.

14   FRED WEBER SCHMIDT, an individual;
     and FRED WEBER SCHMIDT, as Trustee of
15   the DOERRING & ASSOCIATES, INC.
     PROFIT SHARING PLAN.,
16
                                  Defendants.

17   HAYES, Judge:

18         The matters before the Court are the Application for Default Judgment (#15) and the

19   Motion for Preliminary Injunction (#9) filed by Plaintiffs.

20         On October 8, 2008, Plaintiffs, participants in the Doerring & Associates, Inc. Profit

21   Sharing Plan, filed a Complaint against Defendant Fred Weber Schmidt for breach of fiduciary

22   duty and to remove trustee under the Employee Retirement Income Security Act ("ERISA"),

23   29 U.S.C. Section 1001 *et seq.*  The Complaint alleged that Schmidt, the Trustee of the

24   Doerring & Associates, Inc. Profit Sharing Plan ("the Plan"), engaged in improper conduct in

25   violation of ERISA.  The Complaint sought to replace Schmidt as Trustee, an accounting, a

26   determination of damages, and other relief.

27         On October 10, 2008, this Court denied Plaintiffs motion for a temporary restraining

28   order under Rule 65(b) of the Federal Rules of Civil Procedure without notice to Defendant.

On October 27, 2008, Defendant Schmidt, in his individual capacity and in his capacity as Trustee of the Plan, was personally served with the Summons and Complaint.

Defendant Schmidt did not file an answer to the Complaint, in his individual capacity or in his capacity as Trustee of the Plan, and has not filed any pleadings in the record of this case.

On October 30, 2008, Plaintiffs filed a Motion for Preliminary Injunction requesting that the Court immediately issue a Preliminary Injunction to remove Defendant Schmidt as Trustee and to prevent him from using or removing any Plan assets and from subjecting the Plan to further penalties, interest, sanctions or potential disqualification, and to appoint Plaintiffs as successor co-trustees of the Plan. (Doc. #9-2).

On November 20, 2008, prior to the hearing on the Preliminary Injunction motion, Plaintiffs filed a Request to Enter Default. (Doc. # 13).

On November 21, 2008, Counsel for Plaintiffs received a telephone message from Schmidt in which Schmidt stated that he had been served with the pleadings and that he would be willing to resign as Trustee of the Plan in order to save attorney fees. Counsel for Plaintiffs called Schmidt that same day. Counsel for Plaintiffs informed Schmidt that an answer had been due by November 17, 2008 and that Plaintiffs had requested an entry of default. Schmidt informed counsel for Plaintiffs that he would be willing to resign as the Trustee. Counsel for Plaintiffs informed Schmidt that Plaintiffs would go forward with the default in order to obtain a court order removing him and appointing Plaintiffs as Successor Co-Trustees. Schmidt indicated to counsel for Plaintiffs that he did not want to incur further attorney fees. (Doc. # 15-2, *Declaration of Thomas Monson,* page 2).

On November 24, 2008, the Clerk of the Court entered Default. (Doc. # 14).

On December 19, 2008, Plaintiffs filed the request that the Court enter a Default Judgment restraining Fred Weber Schmidt from transferring or using any Plan assets, removing Schmidt as trustee and appointing Plaintiffs as successor co-trustees of the Plan, requiring that Schmidt turn over all documents pertaining to the Plan, requiring that Schmidt provide a full accounting, and providing that the Court retain jurisdiction to enforce the judgment and to

1   determine any further liability.  (Doc. #15 at page 2 line 16 to page 4 line 5).

2                           **STANDARD OF REVIEW**

3           Federal Rule of Civil Procedure 55(b) provides that judgment by default may be entered

4   by the Court.  A district court may consider the following factors in exercising its discretion

5   to enter a default judgment:

6           (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
            substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at
7           stake in the action; (5) the possibility of a dispute concerning material facts; (6)
            whether the default was due to excusable neglect; and (7) the strong policy
8           underlying the Federal Rules of Civil Procedure favoring decision on the merits.

9   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

10  standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

11  *Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

12          "The general rule of law is that upon default the factual allegations of the complaint,

13  except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v.*

14  *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).  "Plaintiff is required

15  to prove all damages sought in the complaint," and "'[a] judgment by default shall not be

16  different in kind [or] exceed in amount that prayed for in the [complaint].'"  *Phillip Morris*

17  *USA*, 219 F.R.D. at 498.

18          In determining damages, a court can rely on the declarations submitted by the
            plaintiff or order a full evidentiary hearing.  Plaintiff's burden in 'proving up'
19          damages is relatively lenient.  If proximate cause is properly alleged in the
            complaint, it is admitted upon default.  Injury is established and plaintiff need
20          prove only that the compensation sought relates to the damages that naturally
            flow from the injuries pled.

21
22  *Phillip Morris USA*, 219 F.R.D. at 498 (quoting FED. R. CIV. P. 54(c)) (citing *Cripps v. Life*

    *Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)).
23
                            **RULING OF THE COURT**
24
25          The record in this case established that Plaintiffs properly filed and served the

26  Complaint in this matter on Defendants.  Prior to the application for default judgment, counsel

    for Plaintiff spoke on the telephone with Defendant Schmidt confirming service and informing
27
    Defendant that an answer was overdue. (Doc. # 15-2, *Declaration of Thomas Monson,* page
28
    2).  To date, Defendant Schmidt has not filed an answer or otherwise responded to the

Complaint in this action on behalf of himself individually or as trustee of the Plan.  There are no facts to support any inference that failure to respond to the Complaint was due to excusable neglect.  The Complaint alleges facts which strongly support Plaintiffs' claims that they are entitled to the relief they seek under ERISA.  Taking the allegations of the Complaint as true, the Court concludes that the factors detailed in *Eitel v. McCool* strongly favor entry of default judgment in this case.  782 F.2d at 1471-72.

In support of the Application for Default Judgment, Plaintiffs have submitted declarations and exhibits which establish that Plaintiffs would be able to prove by a preponderance of the evidence that Defendant Schmidt breached his fiduciary duty to the Plan and its participants.  The Declaration of Donndelinger attached to the Application for a Default Judgment states that he has personal knowledge of all facts set forth in the Declaration and could testify competently to all the facts set forth in the declaration.  The Declaration of Donndelinger presents facts and exhibits detailing consistent and repeated ERISA violations by Defendant Schmidt acting in his capacity as Trustee of the Plan. 29 U.S.C. §1104(a) (fiduciary shall discharge duties solely in the interest of participants and beneficiaries); 29 U.S.C. § 1106(b) (prohibits self-dealing by a fiduciary); 29 U.S.C. § 1132(a)(a) (participant may bring a civil action to enforce rights under the Plan).

Defendant has not answered, there are no disputes as to material facts, and the evidence submitted establishes that Plaintiffs would entitled to prevail on the merits.  The Court concludes that Plaintiffs are entitled to judgment by default at this time.  Based upon the facts and exhibits presented in the Declaration of Donndelinger, Plaintiffs are entitled to the relief sought in the Application for Default Judgment at page 2 line 16 to page 4 line 5 under ERISA.  29 U.S.C. § 1109(a) (fiduciary who breached fiduciary duty subject to equitable or remedial relief as the court may deem appropriate including removal).

///

1    IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction

2  (Doc. # 9) is denied as moot and Plaintiffs' Application for Default Judgment (#15) is granted.

3  Plaintiffs shall provide a Judgment (*see* Application for Default Judgment at page 2 line 16 to

4  page 4 line 5) for the Court's signature forthwith.

5  DATED:  February 27, 2009

6

**WILLIAM Q. HAYES**
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28